JAMES F. McKAY III, Judge.
_JjFor the purpose of judicial economy we will address all three of Continental Heri *572 tage Insurance Company’s appeals, 2011-KA-1376, 2011-KA-1377 and 2011-KA-1378, in this opinion.
The appellant, Continental Heritage Insurance Company, appeals the judgment of the trial court, denying its judgment for nullity of bond forfeiture. For the reasons set forth below, we affirm the judgment of the trial court.
On or about October 25, 2010, Carlos Bonilla was arrested and subsequently charged by bill of information with the crimes of La. R.S. 14:34, to wit aggravated battery; 14:103, to wit disturbing the peace and 14:108, to wit resisting an officer. On December 13, 2010, he was arraigned and entered a plea of not guilty in each case and received notice of a motion hearing date of December 14, 2010 and a notice of trial for April 5-7, 2010. On December 14, 2010, the defendant was present and represented by counsel for a preliminary examination hearing. The trial court found probable cause and denied the defendant’s motion for bond | ^reduction. On December 14, 2010, the defendant received notice, while incarcerated, to appear for a trial in the matter on April 5-7, 2011.
Pertinent to this appeal, on December 17, 2010, Carlos Bonilla was released from prison pursuant to a surety bond posted with Continental Heritage as the surety for the sum of $12,000.00. As a condition of this bond, he was ordered to appear on March 23, 2011 for a scheduled initial court appearance and/or arraignment. The appellant, Continental Heritage asserts that on that March 23, 2011 appearance date, the defendant did not appear, but that nothing happened in court on that date. Significantly, the defendant had been given dates and a trial date had been selected in this matter prior to this bond undertaking.
ASSIGNMENT OF ERROR
Continental Heritage asserts that the trial court erred in denying its petition for nullity of bond forfeiture. Appellant relies on La.C.Cr.P. art. 344(C) to support its position. Continental Heritage asserts that although Carlos Bonilla had notice of the April 5, 2011 trial date, Continental Heritage, in its capacity as surety, never received notice of this impending date, which they claim they were entitled to pursuant to the article. The only date Continental Heritage had notice of was the March 23, 2011 initial appearance date on which the defendant failed to appear. This reliance is misguided. In pertinent part this article states:
If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the defendant or his duly appointed agent, the personal surety or the agent or Isbondsman who posted the bond for the commercial surety shall be given notice of the new appearance date, (emphasis added)
In the case sub judice, the operative date is the trial date of April 5, 2011. The record indicates that the defendant received notice of this trial date on December 13, 2010, at his first appearance in court while he was still incarcerated. This was before the defendant had bonded out on December 17, 2010. The trial date was never altered and adequate notice was given to the defendant. Continental Heritage was properly noticed of the March 23, 2011 appearance bond hearing date as it appears on the bond document. The defen *573 dant never appeared in court on this date but the surety did. No new appearance dates were set by the court. No new trial date was set on this date. In fact Continental Heritage asserts that nothing happened on this date. The original trial date of April 5, 2011, again remained consistent and unaltered from the beginning of the prosecutorial process. La.C.Cr.P. art. 344(C) is simply not applicable in this matter.
Accordingly, we affirm the judgment of the trial court denying Continental Heritage’s petition for nullity of judgment of bond forfeiture.
2011-KA-1376 AFFIRMED
2011-KA-1377 AFFIRMED
2011-KA-1378 AFFIRMED